UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIZOL JAVIER and PEDRO JAVIER,

Plaintiffs,

-against-

LUIS G. GRULLON RODRIGUEZ, BEST
BUY STORES, L.P., BEST BUY CO. OF
MINNESOTA, and BEST BUY CO., INC.,

Defendants.

Case No. 1:24-cv-04673 (JLR)

**MEMORANDUM OPINION AND
ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs Marizol Javier ("M. Javier") and Pedro Javier ("P. Javier") (collectively,

"Plaintiffs") bring this action against Defendants Luis G. Grullon Rodriguez ("Rodriguez"), Best

Buy Stores, L.P. ("BBS"), Best Buy Co. of Minnesota ("BBCM"), and Best Buy Co., Inc.

("BBC") (collectively, "Defendants"), asserting a claim for negligence. Before the Court is

Plaintiffs' motion for partial summary judgment on the issue of liability. For the reasons that

follow, the Court GRANTS the motion.

## BACKGROUND

The following facts are drawn from the parties' submissions at Dkt. 29 and Dkt. 30, and

the exhibits attached thereto. Unless otherwise indicated, these facts are undisputed.

### I.    Factual Background

This action stems from a rear-end car crash at the intersection of the West Side Highway

and 23rd Street in Manhattan. On September 28, 2023, Plaintiffs were sitting in the back seat of a

car driven by David Lopez Fernandez ("Fernandez"). *See* Dkt. 29-4 ("M. Javier Dep.") at 23:14-

21; Dkt. 29-7 ("Police Report"). While exiting the West Side Highway at 23rd Street, Fernandez

pulled into the left turn lane, joining a line of cars waiting to turn.  M. Javier Dep. at 26:3-12; Dkt. 29-5 ("P. Javier Dep.") at 37:21-38:14.

Shortly thereafter, Rodriguez, a Best Buy employee driving a company vehicle, pulled in behind Fernandez.  Dkt. 30-2 ("Rodriguez Decl.") ¶ 4; Dkt. 29-6 ("Rodriguez Dep.") at 25:9-26:3.  At that point, Fernandez and Rodriguez brought their cars to a stop at a red light, with several cars in front.  Rodriguez Decl. ¶ 4; P. Javier Dep. at 37:21-38:5; Rodriguez Dep. at 26:20-27:6, 27:22-24.  When the light turned green, Fernandez and Rodriguez began moving forward.  Rodriguez Decl. ¶ 4; Rodriguez Dep. at 27:25-28:13.  As Fernandez reached the front of the line, the light turned yellow.  Rodriguez Decl. ¶ 5; Rodriguez Dep. at 28:14-22.  Although the light had not turned red and no cars were in front, Fernandez suddenly stopped three times.  Rodriguez Decl. ¶ 5.  For the first two stops, Rodriguez was able to avoid colliding with the rear end of Fernandez's car.  Rodriguez Decl. ¶ 5; Rodriguez Dep. at 34:7-35:4.  However, at the third stop, Rodriguez failed to do so, and his car struck the rear of Fernandez's vehicle.  Rodriguez Decl. ¶ 5; Rodriguez Dep. at 34:7-35:4; *see* M. Javier Dep. at 26:13-22; Police Report.

## II.    Procedural Background

Plaintiffs commenced this action in the New York State Supreme Court, Bronx County, on May 17, 2024, alleging that Plaintiffs were injured by the collision.  Dkt. 4-1.  On June 20, 2024, Defendants timely removed this action to federal court, where it was assigned to the undersigned.  Dkt. 4.  Defendants then answered the complaint on June 21, 2024, Dkt. 5, and the parties proceeded to discovery.  After completing the bulk of discovery,[1] on December 23, 2026,

---

[1] On December 5, 2025, the Court granted a limited extension to the discovery schedule, to permit Defendants to complete a neuropsychology IME and depositions of Plaintiffs' expert, Kim Busichio, Ph.D.  Dkt. 28 at 1.  The Court then set a briefing schedule for summary judgment since Plaintiff only intended to seek summary judgment on the issue of liability.  *Id.*

Plaintiffs moved for partial summary judgment on the issue of liability.  Dkt. 29 ("Br.").

Defendants opposed on January 20, 2026, Dkt. 30 ("Knudsen Decl."); Dkt. 31 ("Br."), and

Plaintiffs replied on February 3, 2026, Dkt. 32 ("Reply").  The motion is fully briefed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary

judgment if, on any claim or defense, that party "shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,'"

and "[a] dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict

for the nonmoving party.'"  *Rosen v. UBS Fin. Servs. Inc.*, No. 22-cv-03880 (JLR), 2023 WL

6386919, at *4 (S.D.N.Y. Sept. 29, 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986)).

"'The party seeking summary judgment bears the burden of establishing that no genuine

issue of material fact exists,' but 'when the burden of proof at trial would fall on the nonmoving

party, it ordinarily is sufficient for the movant to point to' an absence of evidence 'on an

essential element of the nonmovant's claim.'"  *Bustamante v. KIND, LLC*, 100 F.4th 419, 432

(2d Cir. 2024) (quoting *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023)).  If

the moving party meets this burden, then "the nonmoving party must come forward with

admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary

judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  However, "[a]

party may not rely on mere speculation or conjecture as to the true nature of the facts to

overcome a motion for summary judgment."  *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

In ruling on a motion for summary judgment, the Court must view "the evidence in the

light most favorable to the non-moving party" and "resolve all ambiguities and draw all

permissible factual inferences in favor of the party against whom summary judgment is sought."

*Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (first quoting *VKK Corp. v. Nat'l*

*Football League*, 244 F.3d 114, 118 (2d Cir. 2001); and then quoting *Johnson v. Goord*, 445

F.3d 532, 534 (2d Cir. 2006)).  To defeat a motion for summary judgment, the nonmoving party

must advance more than "a scintilla of evidence," *Liberty Lobby*, 477 U.S. at 252, and

demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Plaintiffs argue that partial summary judgment on the issue of liability is warranted here

because, under New York law, a rear-end collision establishes a prima facie case of liability

against the rear vehicle driver.  Br. at 12.  Defendants disagree, contending that there is a genuine

issue of material fact as to whether Fernandez, not Rodriguez, caused the collision.  Opp. at 6-7.

Under New York law, "[a] rear-end collision with a stopped or stopping vehicle

establishes a prima facie case of negligence on the part of the operator of the rear vehicle."

*Waide v. ARI Fleet, LT*, 39 N.Y.S.3d 512, 514 (N.Y. App. Div. 2016); *see also Randhawa v.*

*Otero*, No. 22-cv-10479 (KMK), 2024 WL 4150335, at *5 (S.D.N.Y. Sept. 11, 2024) ("New

York law regarding rear-end collisions is straightforward: 'a rear-end collision establishes a

prima facie case of liability against the rear vehicle and imposes a duty of explanation on the

operator of that vehicle.'" (quoting *Munoz v. 640, LLC*, No. 19-cv-05751 (BMC), 2021 WL

1176168, at *1 (E.D.N.Y. Mar. 29, 2021)).  "'This presumption arises both from common law

principles and from New York Vehicle and Traffic Law,' both of which establish that an

approaching driver must maintain a reasonably safe rate of speed and exercise reasonable care to

avoid a collision."  *Randhawa*, 2024 WL 4150335, at *5 (quoting *Schultz v. Chen*, No. 17-cv-

08917 (RWS), 2018 WL 1413075, at *2 (S.D.N.Y. Mar. 20, 2018)); *see also* N.Y. Veh. & Traf.

Law § 1129(a) ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.").  "A defendant may overcome this presumption by 'providing a non-negligent explanation for the collision, such as a mechanical failure, unavoidable skidding on wet pavement, or a sudden stop of the vehicle ahead.'"  *Randhawa*, 2024 WL 4150335, at *5 (quoting *Schultz*, 2018 WL 1413075, at *2); *accord Quintanilla v. Mark*, 177 N.Y.S.3d 687, 689 (N.Y. App. Div. 2022).

The undisputed facts here establish a prima facie case for liability.  Rodriguez was operating a rear vehicle that collided with the front vehicle, in which Plaintiffs were passengers. *See* Br. at 10; Opp. at 2-3; *see also* Rodriguez Decl. ¶ 5; M. Javier Dep. at 26:13-19.  Defendants argue that there is a triable issue of fact as to whether Fernandez's sudden stops (which Defendants refer to as "brake checking") serve as a non-negligent explanation for the accident. Opp. at 6-7.  Plaintiffs respond that, under the circumstances, Fernandez's sudden stops are not sufficient to rebut the presumption of negligence that entitles Plaintiffs to summary judgment on liability.  Reply at 10-12.  The Court agrees with Plaintiffs.

"[S]udden stops or slow-downs may rebut the presumption of negligence, but only if they were 'unexpected.'"  *Randhawa*, 2024 WL 4150335, at *5 (quoting *Astorga v. Allstate Oil Recovery, Co.*, No. 16-cv-05068 (SN), 2018 WL 1441377, at *2 (S.D.N.Y. Mar. 22, 2018) (collecting cases).  "By contrast, 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows.'" *Id.* (quoting *Quintanilla*, 177 N.Y.S.3d at 689); *accord Lhotan v. Cahill*, No. 22-cv-07681 (VB), 2025 WL 2051625, at *7 (S.D.N.Y. July 22, 2025); *see also Waide*, 39 N.Y.S.3d at 514 ("While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which are foreseeable under the prevailing traffic conditions must be

5

anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead.").

Applying these principles here, Fernandez's third sudden stop was foreseeable under the undisputed traffic conditions and, thus, does not rebut the presumption of liability. Before the accident, Rodriguez was waiting in the turn lane behind Fernandez and several other cars at a red light. Rodriguez Decl. ¶ 4. After the light turned green, the cars began to turn, but by the time Fernandez and Rodriguez reached the front, the light had turned yellow. *Id.* ¶ 5; Rodriguez Dep. at 28:20-22. Fernandez then stopped short twice without incident. Rodriguez Decl. ¶ 5; *see* Rodriguez Dep. at 34:7-35:4. Given that there was a yellow light and Fernandez had already stopped twice, Rodriguez should have been aware that another stop was possible and that he needed to maintain a safe distance to avoid any collision. *See, e.g.*, *Hong v. Maher*, No. 02-cv-07825 (RWS), 2004 WL 771127, at *3 (S.D.N.Y. Apr. 13, 2004) (granting summary judgment in rear-end collision matter where "the presence of the two stopped cars ahead of the [front] vehicle should have alerted the vehicles following behind that a stop was possible"); *Johnson v. Phillips*, 690 N.Y.S.2d 545, 547 (N.Y. App. Div. 1999) (noting that the presumption of rear-vehicle negligence "has been applied when the front vehicle stops suddenly in slow-moving traffic even if the sudden stop is repetitive, when the front vehicle, although in stop-and-go traffic, stopped while crossing an intersection" (citations omitted)). Thus, Defendants cannot defeat summary judgment by relying on Fernandez's third sudden stop as a non-negligent explanation for the collision.

Had the crash occurred on Fernandez's first sudden stop, Defendants' argument would have been more compelling, since it would be less clear that Rodriguez should have anticipated the stop. *See, e.g.*, *Torres v. Mamadou*, No. 19-cv-06973 (SLC), 2021 WL 3682906, at *5 (S.D.N.Y. Aug. 19, 2021) (denying summary judgment where "there [was] a dispute about

6

whether [plaintiff] changed lanes *before* he suddenly stopped" and thus whether defendant "might not have been expected to anticipate the stop"). But here, the collision happened on the third stop, not to mention on a yellow light. Rodriguez thus had more than enough notice that Fernadez may stop again, and he should have maintained a safe distance between his car and Fernandez's car. Courts regularly grant summary judgment on the issue of liability in analogous contexts, where the defendant's proffered non-negligent excuse is a sudden stop in stop-and-go traffic. *See, e.g.*, *Astorga*, 2018 WL 1441377, at \*3 (finding that rear driver failed to rebut the presumption of liability when he admitted "there was stop-and-go traffic" and "the light was turning yellow," and he, therefore, "should have been ready for [the front car] to stop"); *Sheets v. Kilbury*, 151 N.Y.S.3d 758, 760 (N.Y. App. Div. 2021) (holding that "the 'evidence that plaintiff's lead vehicle was forced to stop suddenly in heavy traffic' does not constitute a nonnegligent explanation for the collision inasmuch as 'it can easily be anticipated that cars up ahead will make frequent stops in heavy traffic'" (alterations adopted) (quoting *Ruzycki v. Baker*, 750 N.Y.S.2d 680, 682 (N.Y. App. Div. 2002))); *Green v. Sivret*, 842 N.Y.S.2d 814, 815 (N.Y. App. Div. 2007) (finding front car's sudden stop insufficient to defeat summary judgment because "[defendant] was aware of the 'stop and go' traffic and thus could have anticipated" the front car's sudden stop).

Therefore, Plaintiffs are entitled to judgment on the issue of liability as a matter of law.

## CONCLUSION

For the aforementioned reasons, the motion for summary judgment on the issue of liability is GRANTED. A trial on damages shall be held on **August 17, 2026, at 9:00 a.m.** The parties shall submit the joint pretrial order and all pretrial materials pursuant to the Court's Individual Rules by **July 17, 2026**, with responses to any motions *in limine* due by **July 24,**

7

2026.  A final pretrial conference will be held on **August 11, 2026, at 2:00 p.m.**  The Clerk of

the Court is respectfully directed to terminate the motion at Dkt. 29.

Dated:  June 25, 2026
　　　　New York, New York

　　　　　　　　　　　　　　　　　　SO ORDERED.


　　　　　　　　　　　　　　　　　　*Jennifer Rochon*
　　　　　　　　　　　　　　　　　　JENNIFER L. ROCHON
　　　　　　　　　　　　　　　　　　United States District Judge